# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CHRISTOPHER LEE OGLETREE,

        Petitioner,    :    Case No. 3:16-cv-184

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

R. RICHARD, Warden
 Madison Correctional Institute,

    :
    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on the Warden's Motion to Dismiss (ECF No. 6). Under S. D. Ohio Civ. R. 7.2, Petitioner's opposition was due August 8, 2016, and he was notified of that due date (ECF No. 7). On August 8, 2016, he sought and received an extension of time until September 1, 2016, to respond (ECF No. 8). On August 23, 2016, he sought and received an additional extension of time of fifteen days, which made his response due September 6, 2016. As of the date of this Report, Petitioner has filed nothing further.

The Warden seeks dismissal on the grounds the Petition is time-barred under the one-year statute of limitations codified in 28 U.S.C. § 2244(d)(Motion, ECF No. 6, PageID 109). The State Court Record submitted by the Warden shows that Mr. Ogletree was indicted in July 2012 on various drug-related offenses. He agreed to plead guilty to three of them for dismissal of the remaining counts and an agreed sentence of ten years. He was sentenced January 8, 2013, and did not appeal. In December 2013 he moved to withdraw his guilty plea on the grounds it was

1

not knowingly, intelligently, and voluntarily made; the trial court overruled that motion on January 16, 2013.

As shown by the Warden's Motion, Ogletree's conviction became final on February 7, 2014, the last day on which he could have taken a direct appeal.  298 days elapsed before the statute of limitations was tolled by Ogletree's motion to withdraw the guilty plea.  The tolling lapsed and the statute began to run again on September 22, 2014, the last day Ogletree could have timely appealed to the Ohio Supreme Court from denial of his motion to withdraw the guilty plea.  Since 298 days had already run, Ogletree had sixty-seven more days to file his habeas corpus petition.  That time ran out and the statute expired on November 28, 2014.  The Petition was in fact not filed until May 5, 2016, well over a year later.

**Conclusion**

Because Mr. Ogletree did not file for habeas corpus within a year of the time his conviction became final, even with the interruptions for the motion to withdraw, his Petition is barred by the statute of limitations and should be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 16, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).